UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LYNCH, et al.,<br><br>    Defendants. | No. 2:21-cv-0782 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    For the reasons stated below, plaintiff's request to proceed in forma pauperis will be granted. In addition, it will be recommended that this action be summarily dismissed for failure to exhaust administrative remedies.

    I.    <u>IN FORMA PAUPERIS APPLICATION</u>

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (<u>See</u> ECF No. 2). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. THE COMPLAINT

Plaintiff, an inmate at California State Prison – Sacramento ("CSP-Sacramento"), names seven individuals as defendants in this action, all of whom are employed at CSP-Sacramento.  ECF No. 1 at 1-9.  In the two claims presented, plaintiff contends that defendants violated his Eighth Amendment rights to be free from cruel and unusual punishment when, after being made aware that some inmates might have been exposed to COVID-19, they failed to take preventative measures to attempt to reduce spread of the virus to uninfected inmates.  Id. at 8-9.  Plaintiff further alleges that he contracted COVID-19 because of defendants' inaction, and that he continues to experience the effects of it.  ECF No. 1 at 8-9.  Plaintiff seeks monetary damages, a transfer to a prison in or near Orange County, and immediate release on parole.  Id. at 11.

In relation to both claims, plaintiff states that he did not administratively appeal his requests for relief to the highest level.  ECF No. 1 at 8-9.  When asked on the complaint form why he did not do so, plaintiff fails to provide a response.  Id.

## III. DISCUSSION

### A. Relevant Law:  Exhaustion Requirement

#### 1. Prison Litigation Reform Act

Because plaintiff was a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983.  Id.  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison

conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). The exhaustion requirement hinges on the "availability" of administrative remedies—an inmate must exhaust available remedies, but need not exhaust unavailable ones. Ross v. Blake, 578 U.S. 632, 642 (2016).

2. California Regulations Governing Exhaustion of Administrative Remedies[1]

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2011). The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id., § 3084.2(a) (2016). "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

B. Analysis

Failure to exhaust is an affirmative defense which, typically, defendants must raise and prove. Jones v. Bock, 549 U.S. 199, 216 (2007); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).[2] However, the exhaustion question should be decided as early as possible in a case. See Albino, 747 F.3d at 1170. Accordingly, when a plaintiff specifically states either in his complaint

---

[1] The California Regulations cited to in this section were applicable at the time plaintiff filed this action. Since then, however, Sections 3084.1 and 3084.2 have been repealed.

[2] It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

or in the documents he has submitted that he has not exhausted his administrative remedies, the court need not wait for a defendant's assertion of affirmative defenses before finding that relief is precluded.  See Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative remedies appropriate if, when taking prisoner's factual allegations as true, complaint establishes failure to exhaust); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (finding district court required to dismiss suit when determined plaintiff did not exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

In the complaint, plaintiff clearly states that he did not exhaust his administrative remedies at CSP-Sacramento prior to filing the instant action.  ECF No. 1 at 8-9.  He provides no statement or excuse why he did not do so.  Id.  Accordingly, the court is unable to review this case and it must be recommended that this action be dismissed.

### IV.  PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Before bringing a lawsuit, an incarcerated person must exhaust their administrative remedies by filing a 602 that complies with all the regulations, and taking it through the highest level of review.  Your complaint says that you did not do this.  As a result, this court cannot consider your case and the magistrate judge is recommending dismissal.

You have the opportunity to file objections to this recommendation.  **If you have evidence showing that the generally available administrative remedies were unavailable to you, you must submit it with your objections to avoid dismissal.**

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Judge to this action;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

     IT IS FURTHER RECOMMENDED that this matter be SUMMARILY DISMISSED for failure to exhaust administrative remedies.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2023

                                                         /s/ Allison Claire
                                                         ALLISON CLAIRE
                                                         UNITED STATES MAGISTRATE JUDGE