UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL, | No. 2:21-cv-0782 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| J. LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Procedural History

By order dated December 6, 2023, the court screened plaintiff's complaint and determined that it failed to state a claim for relief against defendants. ECF No. 14. Plaintiff was granted leave to file an amended complaint within 30 days. ECF No. 14. Following the expiration of this deadline, the court issued Findings and Recommendations to dismiss this action without prejudice based on plaintiff's failure to file an amended complaint. ECF No. 15. A review of the docket indicates that plaintiff's first amended complaint was entered on the docket on the same day as these Findings and Recommendations. ECF No. 16. As a result, the court will vacate the Findings and Recommendations issued on January 18, 2024.

1

Plaintiff has also filed a second amended complaint which supersedes the amended complaint pending before the court. See Local Rule 220. Therefore, the operative complaint, which the court will proceed to screen, is plaintiff's second amended complaint.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.    Factual Allegations of the Complaint

While an inmate at California State Prison-Sacramento, plaintiff contracted COVID-19. In claim one, plaintiff challenges the conditions of his confinement that resulted in him contracting this disease. He specifically alleges that correctional officers Gomes and Camacho failed to take adequate steps to prevent COVID-19 quarantined prisoners from using the dayroom and yard where plaintiff was housed even knowing that plaintiff was at a high risk of contracting

COVID-19. He further alleges that these defendants failed to ensure that these common areas were sanitized or disinfected after being used by COVID positive inmates resulting in him contracting the disease.

Plaintiff also alleges that he was called into a meeting with several sergeants and lieutenants about his numerous inmate grievances challenging these conditions of confinement. Plaintiff's grievances were all denied, and he was told that Associate Warden Peterson and Captain Leckie were tired of receiving his grievances about COVID-19 and that he should stop filing them.

The amended complaint also asserts that on December 7, 2020, plaintiff was charged with Battery on a Correctional Officer and sent to lock-up in retaliation for his grievances about COVID-19. Plaintiff does not identify which defendant was responsible for issuing this disciplinary charge.

### IV.     Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid 8th Amendment claim against defendants Gomes and Camacho based on their deliberate indifference to his health and safety in relation to contracting COVID-19.

### V.     Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against the remaining defendants. The participation in reviewing plaintiff's inmate grievances is not sufficient to state a claim against defendants Hayne, Pierce (male), and Pierce (female). See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The allegations against Associate Warden Peterson and Leckie are based on their supervisory capacity. Moreover, plaintiff does not adequately link them to his challenge to the conditions of confinement. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). To the extent that plaintiff alleges that he was retaliated against for filing inmate grievances, plaintiff does not identify which defendant was responsible for filing the disciplinary charge against him. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005). In addition, merely telling plaintiff to stop filing grievances is not sufficient to state a retaliation

claim. Based on this analysis, the amended complaint does not adequately allege a First Amendment retaliation claim against any named defendant. <u>Rhodes v. Robinson</u>, 408 F.3d 559 567-68 (9th Cir. 2005). It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

### VI.     Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately on his 8th Amendment claim against defendants Gomes and Camacho based on their deliberate indifference to his health and safety in contracting COVID-19. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Peterson, Leckie, Hayne, Pierce (male), and Pierce (female). The court will proceed to immediately serve the complaint and order a response from defendants Gomes and Camacho.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section V against defendants Peterson, Leckie, Hayne, Pierce (male), and Pierce (female). If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file a third amended complaint.**

### VII.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the amended complaint state claims against the defendants and some do not. The amended complaint adequately states an Eighth Amendment claim of deliberate indifference to your health and safety by defendants Gomes and Camacho. As supervisors, defendants Peterson and Leckie are not legally responsible for a constitutional violation unless they personally participated in it or knew of the ongoing violation and failed to correct it. The review of your inmate grievances by defendants Hayne, Pierce (male), and Pierce (female) is not enough to state a constitutional violation.

Based on the court's screening of your amended complaint, you have a choice to make. You may either (1) proceed immediately on your Eighth Amendment claim against defendants

Gomes and Camacho and voluntarily dismiss the other defendants; or, (2) try to further amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (ECF No. 15) issued on January 18, 2024 are hereby VACATED.

2. Plaintiff's claims against defendants Peterson, Leckie, Hayne, Pierce (male), and Pierce (female) do not state claims for which relief can be granted.

3. Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate indifference claim against defendants Gomes and Camacho as set forth in Section IV above, or to file a third amended complaint.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

5. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Peterson, Leckie, Hayne, Pierce (male), and Pierce (female).

DATED: October 28, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. LYNCH, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0782 DJC AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his 8th Amendment claim against defendants Gomes and Camacho based on their deliberate indifference to his health and safety in contracting COVID-19 without amending the complaint.  Plaintiff understands that by choosing this option, the remaining defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file a third amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Adam Randolph Powell
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

1

Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

### D. Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not

satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

### E. Inmate Grievances

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and

1  watches while another guard beats a prisoner violates the Constitution; a guard who rejects an
2  administrative complaint about a completed act of misconduct does not." George v. Smith, 507
3  F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).