UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>Plaintiff,<br><br>v.<br><br>J. LYNCH, et al.,<br><br>Defendants. | No. 2:21-cv-0782 DJC AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 22, 2025, defendants filed a motion to dismiss and served plaintiff via mail. ECF No. 37. Pursuant to Local Rule 230(l), plaintiff had twenty-one days from the date of service of the motion to file an opposition or statement of no opposition. However, plaintiff did not file an opposition.

On July 22, 2025, the court informed plaintiff that pursuant to Local Rule 230(l), "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to granting the motion and may result in the imposition of sanctions." ECF No. 163 at 1. Plaintiff was warned that "[s]anctions include dismissal for failure to prosecute and for failure to comply with these rules and a court order." Id. Good cause appearing, the court ordered plaintiff to file and serve within twenty-one days from the date of the filing of the order an opposition or statement of non-opposition to the defendants' motion to

dismiss. Id. Plaintiff was further warned that "[f]ailure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Id. at 1-2.

The twenty-one-day period has now expired, and plaintiff has not filed a response to the defendants' motion for terminating sanctions or otherwise responded to the court's order. In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), and defendants' motion to dismiss (ECF No. 37) be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE